**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

       Plaintiff,

v.

Deandrae Devon Poe,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 15-189 ADM/HB

_____

David P. Steinkamp, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, for Plaintiff.

Douglas Olson, Esq., Office of the Federal Defender, Minneapolis, MN, for Defendant.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Deandrae Devon Poe's ("Poe") Objection [Docket No. 38] to Magistrate Judge Hildy Bowbeer's September 2, 2015 Report and Recommendation [Docket No. 37] ("R&R"). Judge Bowbeer recommends denying Poe's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 22]. After a thorough de novo review of the record and for the reasons stated below, Poe's Objection is overruled and Judge Bowbeer's R&R is adopted.

## II. DISCUSSION

Judge Bowbeer provided a thorough summary of the relevant facts in the R&R, and that summary is incorporated here by reference. See R&R at 3–4. The R&R denied both Poe's Motion to Suppress Evidence and Motion to Suppress Statements [Docket No. 23]. However, because Poe objects only to the denial of the Motion to Suppress Evidence, this Court's review will be limited to that motion. In reviewing a magistrate judge's report and recommendation, the

district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Poe objects to Judge Bowbeer's conclusion that the search warrant obtained for his girlfriend's apartment at 8xxx Zane Avenue North was supported by sufficient probable cause. Specifically, Poe argues that the warrant's supporting affidavit fails to establish a sufficient nexus between the alleged contraband (a firearm) and the apartment that was searched.  Additionally, if probable cause is found to be lacking, Poe objects to Judge Bowbeer's additional conclusion that the good-faith exception created by United States v. Leon, 468 U.S. 897 (1984), is applicable to the facts in the instant case.

**A.  Nexus Requirement**

The Fourth Amendment requires a showing of probable cause for the issuance of a search warrant.  United States v. Williams, 477 F.3d 554, 557 (8th Cir. 2007).  "The rule of probable cause is a practical, nontechnical conception" that seeks the best compromise between the need to safeguard citizens from unreasonable invasions of privacy and the desire to give law enforcement the leeway necessary for the community's protection.  Brinegar v. United States, 338 U.S. 160, 176 (1949).  A finding of probable cause requires a search warrant affidavit to establish a nexus between contraband or evidence of a crime and the place to be searched.  United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000) (citing United States v. Koelling, 992 F.2d 817, 823 (8th Cir. 1993)).

Here, the April 23, 2015 search warrant signed by Hennepin County District Court Judge

Thomas Fraser was supported by probable cause. In the R&R, Judge Bowbeer reviewed the affidavit provided by Sergeant Brian Grahme. In the affidavit, Sergeant Grahme averred that Poe was a documented member of the "Young and Thuggin'" gang and that Poe posted statements on his Facebook page suggesting that he possessed a gun and was keeping the gun on or near his person. The affidavit related that Poe was in a relationship with Shelia Shell, who resided at the apartment identified in the search warrant and that Sergeant Grahme had observed Poe freely entering and exiting that apartment. Additionally, the affidavit stated that Sergeant Grahme examined a Consolidated Evaluating and Reporting Record ("CLEAR" report) showing that Poe lived at the 8xxx Zane Avenue North apartment. These facts, taken together, establish that Poe was likely in possession of a firearm and sufficiently link Poe to the apartment searched. As a result, the affidavit established a reasonable probability that a firearm would be located at the 8xxx Zane Avenue North apartment.

**B. Leon Good-Faith Exception**

Poe objects to Judge Bowbeer's conclusion that even if sufficient probable cause for the warrant was lacking, the Leon good-faith exception would apply. "Under the Leon good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007). The reviewing court should consider the totality of the circumstances, "including any information known to the officer but not included in the affidavit." Id. (citation omitted). Four instances exist in which the good-faith exception is not applicable:

> (1) when the affidavit or testimony in support of the warrant included a false statement made knowingly and intentionally or with reckless disregard for its

>  truth, thus misleading the issuing judge; (2) when the judge 'wholly abandoned his judicial role' in issuing the warrant; (3) when the affidavit in support of the warrant was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; and (4) when the warrant is 'so facially deficient' that the executing officer could not reasonably presume the warrant to be valid.

Id. at 632–33 (citing Leon, 468 U.S. at 923).

Poe maintains that "the affidavit lacks probable cause as to the location for evidence of a crime [and] [a]n experienced law enforcement officer would have to have known on the face of the warrant, it was deficient of probable cause." Obj. R&R at 5–6. The Court disagrees. Nothing in the record indicates that law enforcement officers acted in anything other than good faith. Although a nexus must exist between the contraband and the place searched, the Eighth Circuit has "held that an officer executing a search warrant may rely in the permissibility of the issuing judge's inference that such a nexus exists when that inference has common sense appeal." United States v. Perry, 531 F.3d 662 (8th Cir. 2008) (internal quotation and citation omitted). The supporting affidavit here lends itself to the common sense conclusion that (1) Poe was keeping a gun on or near his person and (2) Poe was residing at Shell's apartment. As a result, the supporting affidavit was not so facially deficient to override the applicability of the exception even if probable cause was lacking. The evidence seized pursuant to the April 23 search warrant is admissible and Poe's Motion to Suppress Evidence is denied.

## III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Deandrae Devon Poe's Objection [Docket No. 38] to Magistrate Judge Hildy Bowbeer's September 2, 2015 Report and Recommendation [Docket No. 37] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 37] is **ADOPTED**; and

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 22] is **DENIED**.

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 13, 2015.